# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**NORTHEASTERN LUMBER
MANUFACTURERS ASSOCIATION,**
        **Plaintiff,**

    **v.**

                                  **Case No. 10-C-0403**

**J.P.R.S./NEW WAY, INC.,
JULIO ALVAREZ and
RONALD ALVAREZ,**
            **Defendants.**

---

## DECISION AND ORDER

On May 11, 2010, plaintiff Northeastern Lumber Manufacturers Association ("NeLMA") filed this action against J.P.R.S./New Way, Inc. ("New Way"), Julio Alvarez and Ronald Alvarez, alleging that defendants are infringing NeLMA's trademarks in violation of Section 32 the Lanham Act, 15 U.S.C. § 1114, as well as other claims. Before me now is plaintiff's motion for a temporary restraining order ("TRO").

Plaintiff alleges that defendants are affixing NeLMA's registered trademarks to wood packaging materials without permission. NeLMA's marks are intended to signify that the wood has been treated in accordance with an international standard, known as ISPM 15, which is aimed at preventing the spread of forest pests. NeLMA will grant a packaging facility a license to use its marks if the facility participated in NeLMA's inspection program and paid the required fee. Defendants are not participants in NeLMA's inspection program and are not licensed to use the NeLMA marks. However, on April 27, 2010, an inspector visited defendants' facility and asked to see the rubber stamp that defendants used to mark wood that had been treated in accordance with ISPM 15. Defendant Ronald Alvarez

showed the inspector a stamp bearing plaintiff's trademark. From the identification number on the stamp, the inspector was able to determine that defendants were not authorized to use this stamp. The inspector then informed Ronald Alvarez that he was confiscating the stamp, and Alvarez did not object.

After leaving defendants' facility, the inspector went to a local retail store that sells rubber stamps, the Quality Rubber Stamp Co. The inspector reviewed the store's invoices and determined that defendants had ordered other stamps bearing NeLMA's marks. Presumably, these stamps are still in defendants' possession and are being used to mark wood packaging materials, even though NeLMA has not authorized defendants to use its marks. Plaintiff seeks an ex parte temporary restraining order to prevent defendants from using its marks without authorization and to prevent defendants from destroying evidence of their alleged trademark infringement until such time as a hearing can be held on a motion for preliminary injunction.

Pursuant to Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order without notice to the adverse party if specific facts included in an affidavit clearly show that irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1). In the present case, plaintiff has filed the requisite affidavits, and after reviewing such affidavits I am satisfied that an order restraining defendants from using plaintiff's trademarks is needed to prevent irreparable harm. Specifically, it is likely that defendants are currently using plaintiff's trademarks without authorization to make it appear as though plaintiff has inspected the wood used in defendants' packaging materials and determined that they are pest free. This is likely to cause irreparable harm in the form of damage to the value of plaintiff's

2

marks. Further, defendants' actions have the potential to cause irreparable harm to the environment, in that defendants may be introducing wood products containing forest pests into the stream of commerce.

Moreover, I find that it is necessary to issue this order without notice to defendants because there is a risk that defendants will destroy evidence if given notice of this suit prior to issuance of the present order. Although I have no reason to think that defendants would disobey a court order to preserve evidence, I find that there is some risk that a business engaged in counterfeiting would destroy evidence if a court does not explicitly order it to preserve all relevant evidence. Thus, in addition to restraining defendants from using plaintiff's marks, I will order defendants to preserve all stamps bearing NeLMA's marks and all other goods, documents or things bearing NeLMA's marks (including wood packaging materials that have been stamped with NeLMA's marks) in their possession, custody or control. Defendants must also preserve all records documenting their manufacture, sale and/or distribution of wood packaging materials and other products bearing NeLMA's marks so that NeLMA can inspect these records during the course of this lawsuit, find any wood products bearing unauthorized NeLMA marks, and remove any such products from the stream of commerce.

Pursuant to Federal Rule of Civil Procedure 65(c), a plaintiff seeking a temporary restraining order must "give[ ] security in an amount that the court considers proper to pay the costs and damages sustained" should it turn out that the restrained party has been wrongfully restrained. In the present case, plaintiff has proposed to post security in the amount of $2,500. Because the restraints in the present order are not likely to interfere with defendants' legitimate business activities, I do not anticipate that such restraints will

3

result in substantial costs or damages should it turn out that defendants have been wrongfully restrained. Thus, I conclude that $2,500 is adequate security.

**CONCLUSION**

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for a temporary restraining order is **GRANTED**. Defendants and their agents are **ORDERED** to refrain from engaging in all of the following conduct:

a.  using the NeLMA Marks, any variation thereof or any confusingly similar mark, specifically including, but not limited to, any term that includes "NeLMA" or a misspelling of NeLMA;

b.  manufacturing, distributing, promoting, and selling any products or materials bearing the NeLMA Marks and any other trademark owned by NeLMA, any variations thereof, and any other marks that are likely to cause confusion with the NeLMA Marks and any other trademark owned by NeLMA;

c.  passing off any of the Defendants' products or services as originating with, associated with, sponsored by, endorsed by or licensed by NeLMA;

d.  representing by any means whatsoever, directly or indirectly, that the Defendants, any products offered by the Defendants, or any activities undertaken by the Defendants, are sponsored, endorsed or licensed by NeLMA or otherwise associated or connected in any way with NeLMA;

4

e. using any of the NeLMA Marks or any confusingly similar mark for goods or services, or on the internet, or as domain names, email addresses, meta tags, invisible data, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of the Defendants with NeLMA.

**IT IS FURTHER ORDERED** that defendants must preserve all rubber stamps in their possession, custody or control bearing NeLMA's marks, as well as preserve all other goods, documents or things in their possession, custody or control bearing NeLMA's marks (including wood packaging materials that have been stamped with NeLMA's marks). Defendants must also preserve all records documenting their manufacture, sale and/or distribution of wood packaging materials and other products bearing NeLMA's marks so that NeLMA can inspect these records during the course of this lawsuit, find any wood products bearing NeLMA's marks that were so marked without NeLMA's authorization, and remove any such products from the stream of commerce.

**IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon NeLMA's filing with the Clerk of this Court an undertaking in the form of a bond, check, or cash in the amount of $2,500 to secure the payment of costs and damages, not to exceed such sum, as may be suffered or sustained by any party who is wrongfully restrained. The Clerk of Court shall retain this security until further court order.

**IT IS FURTHER ORDERED** that the restraints contained in this order expire in fourteen days from the date of this order unless the court, for good cause, extends them for a like period or defendants consent to a longer extension.

5

**FINALLY, IT IS ORDERED** that this court will hold a hearing on plaintiff's request to convert this temporary restraining order into a preliminary injunction on **May 24, 2010** at **10:30 a.m.** at the United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, WI 53202, in Courtroom 390.  At this hearing, the court will also consider plaintiff's motion for expedited discovery.

Dated at Milwaukee, Wisconsin, this 14 day of May, 2010, at 4:48 p.m.


/s_____
LYNN ADELMAN
District Judge