**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**NORTHEASTERN LUMBER**
**MANUFACTURERS ASSOCIATION,**
   **Plaintiff,**

 v.

               Case No. 10-C-0403

**J.P.R.S./NEW WAY, INC.,**
**JULIO ALVAREZ and**
**RONALD ALVAREZ,**
   **Defendants.**

---

## DECISION AND ORDER

On May 11, 2010, plaintiff Northeastern Lumber Manufacturers Association ("NeLMA") filed this action against J.P.R.S./New Way, Inc. ("New Way"), Julio Alvarez and Ronald Alvarez, alleging that defendants are infringing NeLMA's trademarks in violation of Section 32 the Lanham Act, 15 U.S.C. § 1114, as well as other claims. In a prior order, I preliminarily enjoined defendants from using plaintiff's marks and ordered defendants to provide information to plaintiff about their use of plaintiff's marks. Although defendants initially agreed to cooperate with plaintiff, they have since refused to do so, and the Clerk has found defendants in default. Before me now is plaintiff's motion for a default judgment.

In moving for default judgment, plaintiff indicates that because defendants have refused to cooperate in discovery, plaintiff has been unable to determine the actual damages recoverable under 15 U.S.C. § 1117(a). Plaintiff therefore requests statutory damages of $1 million under 15 U.S.C. § 1117(c), which permits the court to award up to $2 million if the court finds that the defendants' violation was willful. Here, the complaint alleges that defendants' violation was willful, and by defaulting defendants have admitted

this allegation. Moreover, based on the evidence submitted by plaintiff throughout the course of this case, along with defendants' refusal to cooperate with plaintiff's efforts to determine its actual damages, it is clear to me that defendants' violation was willful. I therefore find that an award of statutory damages in the amount of $1 million is appropriate. I also find that defendants' willful misconduct makes this an "exceptional case" within the meaning of § 1117(a)(3), and that therefore plaintiff is entitled to recover a reasonable attorneys' fee in the amount of $45,037.67. Finally, plaintiff requests that the preliminary injunction be converted into a permanent injunction, and this request will be granted.[1]

Plaintiff also requests treble damages under 15 U.S.C. § 1117(b). However, the text of § 1117(b) does not indicate that an award of statutory damages may be trebled. Rather, treble damages are available only when the award consists of actual damages or is based on the defendants' profits. Plaintiff cites no case law supporting a contrary interpretation of § 1117(b), and therefore I will not award treble damages. For the same reason, I will not award prejudgment interest under § 1117(b).

**THEREFORE, IT IS ORDERED** that plaintiff's motion for default judgment is **GRANTED IN PART**, as follows:

(a) Defendants J.P.R.S./New Way, Inc., Julio Alvarez and Ronald Alvarez are permanently enjoined from using NeLMA's marks;

---

[1] For unknown reasons, plaintiff asks that the default judgment include attorneys' fees awards that I made in the course of previous orders. However, I see no need to duplicate these awards in the present order.

(b) Plaintiff shall recover statutory damages from the defendants in the amount of $1 million;

(c) Plaintiff shall recover attorneys' fees from the defendants in the amount of $45,037.67.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2011.

/s_____
LYNN ADELMAN
District Judge